ESTATE OF FERNÁNDEZ v. THE REGISTRAR OF PROPERTY.

Appeal from a decision of the Registrar of Property
of Caguas.

No. 27.—Decided October 26, 1909.

PARTITION OF INHERITANCE—JUDICIAL APPROVAL—INCURABLE DEFECT.—Partitions
of inheritance, where there are minor heirs, must be judicially approved by the
court, and failure to secure such approval constitutes an incurable defect
which prevents the admission of the deed of partition to record.

The facts are stated in the opinion.

*Mr. Sarmiento* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the action of the Registrar of
Property of Caguas refusing to record a deed of partition of
property presented to him by the succession of Victor Fernán-
dez Nava, such succession being composed of the widow Mon-
serrate Aponte Jiménez and the children Miguel Francisco
Fernández Aponte and Ana María Fernández Aponte repre-
sented by her husband Mr. Harrison Johnson, and the minors
Joaquín Hipólito and Amalia Emiliana Fernández Aponte,
represented by their counsel Francisco Fernández Nava. The
registrar denied the inscription of the deed of partition on
seven different grounds. The appellants submit the correct-
ness of the last-named ground and deny the justice of the
registrar's position with respect to the alleged other defects.
The first of these defects relates to the failure of the petition-
ers to distinguish between the paraphernal property of the
widow and the property of the estate. The second defect re-
lates to the failure to include in the inventory the debts which
encumbered the community property. The third defect re-
lates to the alleged failure to estimate the property in a cor-
rect manner. The fourth defect relates to the question of the

division of the inheritance in proper adequate parts.    The fifth defect relates to the fact that two of the heirs were minors and that their interest was opposed to the interest of the mother who had the *patria potestas* and that, therefore, the accounts of the administration of the deceased as well as the partition and liquidation of the same should have been approved judicially and then made into a protocol by some notary, and that the failure of such approbation implied the nullity of such partition.    The sixth defect relates to an alleged mistake in the property adjudicated to the heirs of Da. Ana Fernández Aponte.    The registrar of property admitted that he was mistaken with respect to the third alleged defect, and insisted upon the others.    We find necessary only to examine the fifth ground for rejecting the inscription, namely, the failure to obtain the judicial approbation of the partition and liquidation of the property wherein minors have a real interest.    The appellants admit that this failure to obtain judicial approbation is a defect, but they allege that it is a remediable defect.    We cannot agree with the appellants that the necessity for the judicial approbation is a mere external formal requirement.    The idea of the law in requiring partitions and inventories to be approved by the court, is to see that no injury shall be done to minors.    No partition is effective until such approval is obtained and the authority conferred by the court.    The registrar very well points out that the minors having no authority to consent by themselves, the judicial approbation is a necessary formality to the validity of a contract of partition.    We must hold that this defect was not remediable.    As this was a nonremediable defect it was unnecessary for the registrar of property to have passed upon the other questions, as they would have to be passed on by the court when the contract of partition would be submitted to it.    All the questions about paraphernal property or division of the estate and the like would in a similar manner

have to be passed upon by the judge in considering the minor's interest. For this reason the note of the registrar will have to be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and del Toro concurred.